(May 2, 1991)

■ JOSEPH WEINMAN, Appellant, v GRETA LINICK et al., Defendants, and FREDERICA LINICK, Respondent.—Order, Supreme Court, New York County (Helen Freedman, J.), entered October 2, 1989, which granted the motion of the defendant Frederica Linick for summary judgment dismissing the complaint as to her, reversed, on the law, and the motion denied, without costs.

This is an action for medical malpractice growing out of the failure to diagnose colon cancer. The complaint alleges that from February through April 1985, plaintiff Joseph Weinman received medical treatment at the office of the defendants. It alleges that plaintiff was seen and treated by Greta Linick (Greta) who was not licensed to practice medicine in New York and that Greta was an agent or employee of defendants Marvin Linick (Marvin) and Frederica Linick (Frederica). There is no allegation or evidence that Frederica treated the plaintiff. While plaintiff alleges that he was seen by defendant Greta, defendant Marvin states that it was he who saw and treated the plaintiff.

While defendant Frederica denied, at an examination before trial, any involvement in the treatment of plaintiff, other facts make a grant of summary judgment at this stage erroneous. While Frederica stated that since 1980 she had not practiced medicine from the Manhattan office where her parents practiced, her father, Marvin, testified that she was practicing from that office in 1985 at the time of the visits of plaintiff. Frederica's name was on the door and in the telephone book at that address. A report of a physician to whom plaintiff was referred for x-rays, as well as the bill of that physician, indicate the name of Frederica as the referring physician. While explanations were offered as to how the name Frederica

may have appeared erroneously, and the doctor who took the x-rays stated he made a mistake, these explanations are not binding upon the plaintiff. Finally, defendant Marvin admits that he altered an envelope from the doctor who took the x-rays by deleting the name of Frederica and adding his own. He could not remember if the envelope had been altered prior to or after the commencement of this lawsuit.

Given these facts, summary judgment should have been denied. Concur—Ross, Ellerin and Smith, JJ.

Murphy, P. J., dissents in a memorandum as follows: The complaint alleges that the plaintiff was negligently examined, diagnosed and treated by Greta Linick. As is here relevant, the complaint further alleges that at the time Greta Linick treated the plaintiff she acted as an agent or employee of her daughter, defendant-respondent Frederica Linick, M.D. Thus, the plaintiff, who admits that he was never examined by Frederica Linick and indeed that he never had any contact with her prior to this lawsuit, would nevertheless hold her responsible for his injuries on an agency theory. In response to Frederica Linick's motion for summary judgment dismissing the complaint as against her, however, the plaintiff has produced precious little to lend evidentiary support to his otherwise bare agency allegations. The plaintiff relies heavily on the fact that Frederica Linick was identified as the referring physician by the radiologist to whom the plaintiff was sent for chest x-rays. The plaintiff himself, however, stated at his deposition that he was sent to the radiologist by Greta Linick, and in an uncontradicted affidavit, the radiologist, Dr. Rosenfeld, explains that his office's reference to Frederica Linick as the referring physician was an error. The only other evidence cited by the plaintiff consists of the fact that there was a telephone listing for Frederica Linick at the address where Greta Linick and her husband Marvin Linick, M.D., Frederica's father, had their offices and the additional circumstance that Frederica Linick's nameplate appeared along with those of her parents at the entrance to the building where their offices were located. The fact that Frederica Linick may have maintained an office in the same suite as those of her parents, however, does not of itself establish or even tend to establish the existence of the alleged agency relation. If on such a flimsy basis one could be held in a lawsuit, professionals sharing office space might routinely be called upon to defend lawsuits on the basis of little more than their proximity to the negligent party. There is, in the end, nothing in the record fairly indicating that Frederica Linick employed Greta

Linick or that she authorized Greta Linick to act as her agent in the treatment of the plaintiff. In view of this, I am in complete agreement with the motion court that Frederica Linick should not be compelled to defend this lawsuit further.

Accordingly, the order of the Supreme Court, New York County (Helen E. Freedman, J.), entered October 2, 1989, which granted the motion of the defendant Frederica Linick for summary judgment dismissing the complaint as to her, should be affirmed.